UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA C. FENTRESS, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 2231 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Veronica Fentress brought this employment suit against her employer, the United States Postal Service ("USPS"). USPS has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the case on exhaustion grounds. The motion is denied.

Fentress slipped and twisted her ankle at work in March 2008. Doc. 1 at p. 15. Her doctor diagnosed her with a severe ankle sprain and wrote a letter stating that she could not work for 45 days. *Id*. at pp. 15, 23. USPS failed to credit Fentress for several days of leave, prompting her to complain to the District Manager. *Id*. at p. 16. During an investigation, the USPS Office of Inspector General ("OIG") observed Fentress engaging in daily chores that appeared to cast doubt on her claimed injury. *Id*. at p. 17. During an interview with OIG, Fentress insisted that she was completely disabled and not performing any daily chores; she recanted, however, after being confronted with OIG's video surveillance. *Ibid*. Fentress was suspended for fourteen days on the stated ground that she had lied to OIG. *Id*. at p. 18.

On August 6, 2008, Fentress filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was subjected to age and disability discrimination, and

also that she was retaliated against for complaining to the District Manager about the failure to credit her for several days of leave. *Id*. at ¶ 12 & p. 7. On January 16, 2009, the EEOC issued a final decision finding that there had been no discrimination or retaliation. *Id*. at ¶ 13 & pp. 7-25. Fentress filed this suit on April, 23, 2009, claiming that she was denied a reasonable accommodation for her injured ankle, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq*.; that she was discriminated against on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*.; and that her suspension was retaliation for her complaint to the District Manager, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Doc. 1 at ¶¶ 7-9, 19-20, 24.

Fentress filed an amended complaint on February 19, 2012. The amended complaint includes none of the original complaint's claims, which are deemed abandoned. *See Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 773 (7th Cir. 2011); *Hupp v. Gray*, 500 F.2d 993, 998 n.6 (7th Cir. 1974). The amended complaint sets forth a single claim of retaliation under Title VII. It alleges that Fentress, after presenting a doctor's note saying that she could work with "***no restrictions***" upon her return from medical leave, "was told that it was necessary for the USPS to send her to another doctor for their opinion as to whether she could return to work with no restrictions." Doc. 66 at ¶¶ 7-8. The amended complaint further alleges that although Fentress "repeatedly attempted to contact the appropriate employee at the USPS for assistance in arranging a visit with another doctor, she was ***ignored*** until she contacted Senator Dirksen." *Id*. at ¶ 9. (Fentress undoubtedly means Senator Durbin.) At that point, the senator's office "contacted the USPS and [Fentress] was immediately allowed to return to work and she *was not even required* to get the ***second opinion*** before she began work." *Id*. at ¶ 10. The amended

complaint alleges that USPS denied Fentress's attempt to return to work in retaliation for her "two prior Title VII EEO charges." *Id*. at ¶ 13. The only charge referenced in the amended complaint is the August 6, 2008 charge that initially gave rise to this suit. *See id*. at ¶¶ 14, 16.

USPS has moved to dismiss, arguing that Fentress did not exhaust the new retaliation claim. A plaintiff generally must exhaust a Title VII claim by bringing an administrative charge before suing in federal court. *See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). This exhaustion rule "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee some warning of the conduct about which the employee is aggrieved. … For allowing the complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal citations omitted).

It is undisputed that Fentress did not file an administrative charge complaining about the retaliatory conduct alleged in the amended complaint. But an exception to the exhaustion rule provides that "a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge." *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989); *see also Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003) ("retaliation for complaining to the EEOC need not be charged separately from the discrimination that gave rise to the complaint, at least … if the person discriminated against and the person retaliated against are the same") (citations omitted); *Gawley v. Ind. Univ.*, 276 F.3d 301, 314 n.8 (7th Cir. 2001); *Heuer v. Weil-McLain*, 203 F.3d 1021, 1023 (7th Cir. 2000);

*McKenzie*, 92 F.3d at 482-83. Fentress's retaliation claim falls within this exception, requiring that USPS's motion to dismiss be denied. USPS offers two grounds to reach the opposite conclusion, but neither persuades.

First, USPS argues that the exception was abrogated by *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Addressing the circumstances under which a Title VII plaintiff may file suit based on events falling outside the statutory limitations time period, *Morgan* held that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act," meaning that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id*. at 113. The circuits have split over whether *Morgan* abrogated the exception to the exhaustion requirement for claims that a plaintiff suffered retaliation for filing an administrative charge. *Compare Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009) (holding that the exception was not abrogated); *Wedow v. City of Kan. City*, 442 F.3d 661, 673-74 (8th Cir. 2006) (same); *Delisle v. Brimfield Twp. Police Dep't*, 94 F. App'x 247, 252-54 (6th Cir. 2004) (same), *with Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003) (holding that the exception was abrogated). Although the Seventh Circuit has not squarely addressed the issue, it favorably cited the exception in *Horton*, 343 F.3d at 898, which was decided a year after the Supreme Court handed down *Morgan*. Given these post-*Morgan* tea leaves from the Seventh Circuit, as well as the three-to-one circuit split against abrogation, the court concludes that the exception remains valid. *See Luna v. United States*, 454 F.3d 631, 636 (7th Cir. 2006); *Gacy v. Welborn*, 994 F.2d 305, 310 (7th Cir. 1993). This appears to be the unanimous view of district judges within the Seventh Circuit, including one judge since elevated to the court of appeals. *See Mandewah v. Wis. Dep't of Corr.*, 2009 WL 1702089, *3

(E.D. Wis. June 17, 2009); *Hill v. Potter*, 2009 WL 901462, at *8 n.6 (N.D. Ill. Mar. 31, 2009); *Troutt v. City of Lawrence*, 2008 WL 3287518, at *12 (S.D. Ind. Aug. 8, 2008) (Hamilton, J.); *Spellman v. Seymour Tubing, Inc.*, 2007 WL 1141961, at *3-4 (S.D. Ind. Apr. 12, 2007); *Kruger v. Principi,* 420 F. Supp. 2d 896, 906-07 (N.D. Ill. 2006).

Second, USPS argues that Fentress's retaliation claim does not fit within the exception because the alleged retaliatory conduct took place almost two years after Fentress filed her EEOC charge. In *McKenzie*, however, the Seventh Circuit applied the exception to retaliation claims based on alleged retaliatory conduct that occurred *three* years after the charge had been filed. *See McKenzie*, 92 F.3d at 484-85; *see also Spellman*, 2007 WL 1141961, at *1, 4 (same where there was a fifteen-month gap). Moreover, the Seventh Circuit precedents recognizing the exception do not hint at the existence of an exception to the exception for circumstances where the alleged retaliation occurs well after the administrative charge claimed to have prompted the retaliation. USPS's argument accordingly is rejected.

For these reasons, USPS's motion to dismiss is denied. There may be grounds on which USPS can prevail over Fentress, but a Rule 12(b)(6) motion based on the exhaustion doctrine is not among them.

May 4, 2012

_____
United States District Judge